UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THEODORE CLEVELAND and<br>of LOLITA CLEVELAND | )<br>)<br>) | |
| Plaintiff,<br>v. | )<br>)<br>) | Case No. 07 C 868<br>Judge Joan B. Gottschall |
| NICHOLAS LIBERIO, in his<br>individual capacity, | )<br>)<br>) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

Plaintiffs Theodore and Lolita Cleveland (the "Clevelands") filed a one-count complaint under 42 U.S.C. § 1983 against Nicholas Liberio alleging that Liberio entered their home under color of law in violation of the Fourth Amendment to the Constitution. Liberio moves for summary judgment. His motion is denied.

### I. BACKGROUND[1]

Nicholas Liberio is a detective for the City of Naperville who on Friday, February 11, 2005, was assigned to investigate an attempted armed robbery that occurred on February 10, 2005. The attempted robbery proceeded as follows: a man knocked on the window of a car driven by Jessica Berger in the driveway of a residence. As Berger opened the window in response to the knock she saw that the man was holding a small silver gun, which he raised and pointed at her. The man then asked Berger to hand over her purse but as she reached to grab it Gregory Borgacz stepped out of his home and the

---

[1] The facts are derived from the parties' statements of facts filed pursuant to Local Rule 56.1. Unless indicated, the facts are undisputed. At the summary judgment stage, the court is only to consider facts that are supported by evidence that would be admissible at trial. *Scott v. Edinburg*, 346 F.3d 752, 759–60 & n.7 (7th Cir. 2003). To the extent that facts are considered herein they are deemed to be admissible unless indicated to the contrary in the Analysis section.

assailant ran off.  Berger believed that the man who knocked on her window might be someone she identified as "Justin Gateway."  Eric Burnham, Borgacz's father and the owner of the home where the attempted robbery occurred, told the police that he had seen a four-door Chevrolet with an orange sticker in the window on the street in front of his house when he stepped out his front door after the attempted robbery.  A report that Liberio received on Friday, February 11, 2005 identified Justin Gatewood as the owner of a white 1994 Chevrolet Corsica.  That same Friday, Liberio showed Burnham pictures of Gatewood's car and Burnham identified the car as the one he saw just after the attempted robbery.

Liberio located Gatewood's Chevrolet three days later on Monday, February 14, 2005, in the parking lot of Neuqua Valley High School; he subsequently arrested Gatewood and Jonn Haywood at the high school and they both confessed to their roles in the attempted robbery and said that Terrence Cleveland also participated in the planning and execution of the robbery.  Haywood claimed that he had attempted to rob Berger with a BB gun and admitted to having the gun in a basement storage room.  After receiving permission from Haywood and his father to search the Haywood home for a BB gun, Liberio took possession of the weapon Haywood said he used in the attempted robbery.

Liberio later made his way to the Clevelands' home with his partner Jamie Griffith.  Liberio knocked on the door and eventually someone answered.[2]  When Theodore Cleveland arrived at the door Liberio asked if he could speak with Terrence.  Liberio also asked if he could enter the house and Theodore denied him permission. Terrence made his way downstairs.

---

[2] The parties dispute who answered the door.

2

The parties present conflicting accounts of what occurred after this point. Liberio contends that he never entered the Clevelands' home. The Clevelands contend that Liberio forced his way past Theodore into the house and, after pushing Theodore aside, grabbed Terrence and dragged him out of the house.

The parties agree that Liberio had probable cause to arrest Terrence, but lacked a warrant. Liberio testified that obtaining a warrant would have taken three to four hours.

## II. ANALYSIS

Summary judgment is warranted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005). All facts, and any inferences to be drawn from them, must be viewed in the light most favorable to the non-moving party. *Wis. Cent., Ltd. v. Shannon*, 539 F.3d 751, 756 (7th Cir. 2008).

While Liberio has admitted that there is a fundamental dispute as to whether or not he actually entered the Clevelands' home, he presents a series of legal arguments which he claims warrant summary judgment even if the Clevelands' account of the events is presumed true.

### A. Warrantless Entry is Permissible in Exigent Circumstances.

Liberio contends that his warrantless entry into the Clevelands' home was sanctioned by the Fourth Amendment because he had probable cause to arrest Terrance Cleveland and exigent circumstances existed which did not leave Liberio the three to four hours that it would have taken for a warrant to be obtained. The situation was exigent, in

Liberio's view, because Terrence Cleveland presented an immediate and continuing threat to the safety of Jessica Berger, the individual victimized by the attempted armed robbery, and Gregory Borgacz, the man who frustrated that robbery by exiting his home. Liberio also cites the possibility that Terrence Cleveland would destroy evidence as an additional reason for entering the Clevelands' home without a warrant.

*Minnesota v. Olson*, 495 U.S. 91 (1990) is instructive. *Olson* upheld the Minnesota Supreme Court's finding that a violation of the Fourth Amendment occurred where – without a warrant – police entered the living quarters of a man who was suspected of being an accessory to an armed robbery that resulted in murder (Olson was the suspected driver of the getaway car) in order to effect his arrest. The arrest took place the day after the murder. *Id*. at 100.

Absent a jury finding that Liberio did not enter the Clevelands' home, Liberio can scarcely hope for a better result here, where he is alleged to have barged into the house without permission or a warrant a full three days after the attempted armed robbery, had already apprehended the individual who confessed to perpetrating the crime, and had possession of the BB gun likely used in the robbery.

Liberio's averment that the potential destruction of evidence supports a finding of exigent circumstances is also off the mark because Liberio had already located the silver and black BB gun that Haywood confessed to using in the attempted robbery, and which reasonably matched the description that the victim gave of the weapon. Moreover, *Olson* requires that Liberio show that he had probable cause to believe that the destruction of evidence was *imminent*. *Olson*, 495 U.S. at 100. Liberio has made no such showing.

B. Hot Pursuit

Citing *United States v. Santana*, 427 U.S. 38 (1976) Liberio also claims that his "hot pursuit" of Terrence Cleveland supports a finding that his warrantless entry into the Clevelands' home was sanctioned by the Fourth Amendment. *Santana* notes that hot pursuit means "some sort of chase" but does not require an extended pursuit through public streets. *Id*. at 43. Liberio also relies on *Santana* to argue that Terrence Cleveland was in a public place (the doorway of his home) when Liberio arrested him. *Santana* is unavailing here.

First, "hot pursuit" is a subset of the "exigent circumstances" analysis which the court already rejected above, not a separate doctrinal basis for warrantless entry into a home. *See Santana*, 427 U.S. at 43, no. 3. Second, even the expanded definition of hot pursuit elaborated in *Santana* ("some sort of chase") is inapplicable to the instant facts because here *there was no chase*. Third, *Santana* does not support Liberio's claim that Terrence Cleveland was in a public place when he was arrested. *Santana* found that a person standing alone at the threshold of a doorway completely exposed to public view has no reasonable expectation of privacy, and therefore a subsequent retreat further into the home does not bar warrantless entry *if there are exigent circumstances*. *Id*. at 43-44. Here, the screen door at issue was only partly open, and Theodore Cleveland testified that Terrence was standing behind him in the doorway inside the house. Moreover – and crucially – a reasonable jury could find that the circumstances were not urgent enough to justify a warrantless entry into the Clevelands' home.

C. *Buie* Protective Sweep Theory.

Liberio urges that his warrantless entry into the Clevelands' home to arrest Terrence Cleveland was permissible because *Maryland v. Buie*, 494 U.S. 325, (1990) authorizes "a properly limited protective sweep in conjunction with an in-home arrest when the searching officer possesses a reasonable belief . . . that the area to be swept harbors an individual posing a danger to those on the arrest scene." Mem. 4. *Buie* is utterly inapplicable to the facts here. *Buie* permits an officer who is legally authorized to effect an arrest to search areas in an arrestee's home without a search warrant if the officer reasonably believes that he may be ambushed by persons hiding in the arrestee's home. *See Buie*, 494 U.S. at 333. Liberio has already admitted that he did not have a warrant, or consent to enter, and does not contend that he searched the home. Indeed, it is Liberio's position that he never entered the Clevelands' home. *Buie* does not authorize summary judgment here.

D. Qualified Immunity

Finally Liberio argues that he is immune from suit because "a reasonable officer could have believed [that Liberio's actions were] lawful, in light of clearly established law and the information the officer . . . possessed." *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). The right which the Clevelands contend Liberio violated could not be more established: "At the very core" of the Fourth Amendment "stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion." *See Silverman* v. *United States*, 365 U. S. 505, 511 (1961). The court therefore rejects the immunity argument for the same reasons it dismissed Liberio's others: a reasonable

6

jury could find that Liberio's actions were unreasonable under clearly-established law based on the facts presented here.

### III. CONCLUSION

Liberio's motion for summary judgment is denied.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: August 24, 2009